NUMBER 13-03-243-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

DAVID WESLEY VALERIO, SR.,                                                Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      

On appeal from the 10th District Court of Galveston County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza
Memorandum Opinion by Justice Yañez
          A jury convicted appellant, David Wesley Valerio, Sr., of murdering


 his wife, and
the trial court assessed his punishment at forty-five years’ imprisonment in the Institutional
Division of the Texas Department of Criminal Justice. By two issues, appellant challenges: 
(1) the admission of his videotaped confession into evidence; and (2) the factual sufficiency
of the trial court’s finding that although he acted in sudden passion, such passion did not
arise from adequate cause within the meaning of section 19.02(d) of the penal code.


 The
record contains the trial court’s certification that this is not a plea-bargain case, and the
defendant has the right of appeal. See Tex. R. App. P. 25.2(a)(2). We affirm.
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of the Court’s decision and the basic reasons for it. See Tex. R. App. P. 47.4. 
I. Video-Taped Confession
          In his first issue, appellant challenges the trial court’s decision to admit his video-taped confession into evidence. Appellant contends his Fifth Amendment “Miranda rights”



were violated when he was denied his right to counsel during custodial interrogation. Mark
Pilsner, a detective with the Galveston Police Department, interviewed appellant. During
the interview, appellant requested an attorney and the interview was terminated. Shortly
thereafter, appellant re-initiated the interview. When appellant asked when he would be
provided an attorney, Pilsner said he would be provided an attorney when he went to court. 
Appellant argues his Miranda rights were violated because Pilsner failed to inform him of
his right to have counsel present during questioning. 
Standard of Review 
          At a suppression hearing, the trial court is the sole judge of the weight and credibility
of the evidence, and an appellate court may not disturb the trial court's findings absent a
clear abuse of discretion. Alvarado v. State, 912 S.W.2d 199, 211 (Tex. Crim. App. 1995). 
The State has the burden to establish a valid waiver of the right to counsel. Upton v. State,
853 S.W.2d 548, 553 (Tex. Crim. App. 1993). Recognizing that the trial court is the sole
factfinder at a suppression hearing, we apply a deferential standard of review to a trial
court’s findings to determine whether they have evidentiary support in the record. Id. 
When reviewing alleged invocations of the right to counsel, we typically look at the totality
of the circumstances surrounding the interrogation, as well as the alleged invocation, in
order to determine whether a suspect's statement can be construed as an actual invocation
of his right to counsel. Dinkins v. State, 894 S.W.2d 330, 351 (Tex. Crim. App. 1995);
Lucas v. State, 791 S.W.2d 35, 45-46 (Tex. Crim. App. 1989).
          Once a suspect has invoked the right to counsel during questioning by law
enforcement, the Fifth Amendment right to counsel has been invoked and all interrogation
by the police must cease until counsel is provided or the suspect reinitiates conversation. 
McCarthy v. State, 65 S.W.3d 47, 51 (Tex. 2001) (citing Edwards v. Arizona, 451 U.S. 477,
484-85 (1981); Miranda v. Arizona, 384 U.S. 436, (1966); Dinkins, 894 S.W.2d at 350-51)). 
If the arrestee reinitiates the conversation, the Edwards rule is satisfied. Id. at n.6. 
Analysis
          Here, the facts are undisputed.


 Detective Pilsner conducted a video-taped
custodial interrogation of appellant. Before he began the questioning, Pilsner advised
appellant of his Miranda rights, including his right to have counsel present prior to and
during questioning. At the suppression hearing, appellant testified that he understood and
voluntarily signed a written waiver of his rights. Approximately an hour and a half into the
interview, appellant indicated he wanted to speak to an attorney. Pilsner terminated the
interview and appellant was returned to his cell. Approximately five minutes later, appellant
asked that the interview continue. When the interview reconvened, Pilsner attempted to
clarify whether appellant wished to continue the interview without counsel. Appellant asked
when counsel would be provided. Pilsner responded that an attorney would be provided
when appellant went to court. Thereafter, appellant continued the interview and confessed
to murdering his wife. 
          Appellant contends that Pilsner “ran afoul of Miranda” by telling him he would be
provided an attorney when he went to court and failing to re-advise him of his right to have
an attorney present during questioning.
          At the suppression hearing, appellant testified that he asked for an attorney “just
one time.” He testified that after the interview was terminated, he asked to see Pilsner
again. He also testified that after the interview began the second time, Pilsner told him 
that before the interview could continue, he had to give up his previously-expressed right
to counsel.
          At the suppression hearing, the trial court reviewed appellant’s video-taped
statement.


 At the conclusion of the hearing, the trial court denied appellant’s motion to
suppress and found that his video-taped statement was “freely and voluntarily given.” It
further found that appellant had re-initiated the interview and that Pilsner had explained to
appellant that he could either request and have the benefit of a lawyer or proceed without
a lawyer. The court found appellant expressed his desire to talk and that he confessed to
the events that led to his wife’s death. The trial court filed written findings of fact and
conclusions of law consistent with its verbal findings. In its conclusions of law, the trial
court found that appellant voluntarily and knowingly waived his constitutional rights and
gave the video-taped statement to Pilsner. 
          Appellant argues that Pilsner’s statement that an attorney would be provided when
appellant went to court constitutes a violation of appellant’s Fifth Amendment rights. We
view appellant’s argument as raising two sub-issues: (1) whether appellant waived his
formerly-invoked right to the presence of an attorney during custodial interrogation when
he re-initiated the interview; and (2) whether Pilsner’s statement that appellant would be
provided an attorney when he went to court constitutes a Miranda violation. 
          We note that in Duckworth v. Eagan, 492 U.S. 195, 204 (1989), the United States
Supreme Court held that an interrogating officer’s accurate statement that a lawyer would
be appointed “if and when you go to court”


 satisfied Miranda. See id. The Supreme Court
rejected the claim that the “if and when you go to court” language was misleading and did
not comply with Miranda because: (1) the instruction accurately described the procedure
for the appointment of counsel in Indiana; and (2) “Miranda does not require that attorneys
be producible on call, but only that the suspect be informed, as here, that he has the right
to an attorney before and during questioning, and that an attorney would be appointed for
him if he could not afford one.” See id. 
          In Soffar v. Cockrell, 300 F.3d 588, 595 (5th Cir. 2002), the defendant asked the
interrogating officer whether he should get an attorney, how he could get one, and how
long it would take to have an attorney appointed. See id. The Fifth Circuit held that none
of the defendant’s questions rose to the level of an unambiguous invocation of his right to
counsel. See id. The Soffar court also held that even if the interrogating officer’s
responses to the defendant’s questions were misleading or deceitful, the defendant was
well aware of his rights because he had been given numerous Miranda warnings and had
waived his rights several times prior to his interview. See id. at 596.
          In the case before us, we conclude it is unnecessary for us to decide whether
Pilsner’s statement constituted a Miranda violation because even if the trial court erred in
admitting appellant’s video-taped statement, any such error was harmless.
Harm Analysis
          The Texas Court of Criminal Appeals has held that a trial court’s erroneous
admission of a defendant’s statement in violation of the Fifth Amendment is federal
constitutional error subject to a harm analysis under Texas Rule of Appellate Procedure
44.2(a). McCarthy v. State, 65 S.W.3d 47, 55 (Tex. Crim. App. 2001); see Tex. R. App. P.
44.2(a). Under rule 44.2(a), a judgment of conviction or punishment must be reversed
unless the reviewing court determines beyond a reasonable doubt that the error did not
contribute to the conviction or punishment. See Tex. R. App. P. 44.2(a); McCarthy, 65
S.W.3d at 52. Error in admitting an appellant’s statement is not harmless beyond a
reasonable doubt if there is a reasonable likelihood that the error materially affected the
jury’s deliberations. See McCarthy, 65 S.W.3d at 55. Thus, a “reviewing court should
calculate, as nearly as possible, the probable impact of the error on the jury in light of the
other evidence.” See id.


 
          Here, the defendant testified at trial that when his wife started pushing him around,
he “snapped” and hit her. He testified that he grabbed her neck and strangled her with his
hands until she lost consciousness; thereafter, he continued to strangle her by wrapping
the cord to his electric razor around her neck. He testified he knew he was endangering
her life when he squeezed and wrapped the cord around her neck. He told the jury he was
not guilty of murdering his wife because he did not intend to kill her.
          There is no evidence in the record that appellant’s decision to testify at trial was
involuntary. Assuming, without deciding, that the trial court erred in admitting appellant’s
video-taped confession, we conclude that there is no reasonable likelihood that the
admission of the statement materially affected the jury’s deliberations. See id. Therefore,
any error in the trial court’s admission of appellant’s statement was harmless beyond a
reasonable doubt. See id.; see Tex. R. App. P. 44.2(a). 
          Appellant admits that he testified to many of the same facts contained in his video-taped statement, but argues that he “might not” have done so if the tape had not been
admitted into evidence. We reject appellant’s argument. The record contains no evidence
to support appellant’s contention that he “might” not have testified if the trial court had
suppressed his statement.


 We overrule appellant’s first issue. 
Adequate Cause
           In his second issue, appellant challenges the factual sufficiency of the evidence
supporting the trial court’s


 finding that he failed to prove by a preponderance of the
evidence sudden passion supported by adequate cause. The trial court found that
appellant acted with sudden passion, but found such passion did not arise from an
adequate cause. We will review all the evidence and set aside the verdict only if it is so
against the great weight and preponderance of the evidence as to be clearly wrong and
unjust. Richardson v. State, 83 S.W.3d 332, 336 (Tex. App.–Corpus Christi 2002, pet.
ref’d).
          At the punishment hearing of a murder trial, the defendant may raise the issue as
to whether he caused the death under the immediate influence of sudden passion arising
from an adequate cause. See Tex. Pen. Code Ann. § 19.02(d) (Vernon 2003); see
Richardson, 83 S.W.3d at 349. If the defendant proves the issue in the affirmative by a
preponderance of the evidence, the offense is a felony of the second degree. See Tex.
Pen. Code Ann. § 19.02(d) (Vernon 2003). “Adequate cause” means cause that would
commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary
temper, sufficient to render the mind incapable of cool reflection. Id. § 19.02(a)(1). Thus,
causes that would not render the ordinary person’s mind incapable of cool reflection do not
constitute adequate cause. Id. 
          Here, appellant points to the following facts in support of adequate cause: (1) he
was fatigued from work and in pain from injuries sustained in a motorcycle accident; (2) 
his wife pressured him to leave the house before he could clean up and apply medicine to
his wounds; and (3) his wife threatened to call the police and physically attacked him. 
Appellant testified that his wife pushed and hit him and threatened to call the police if he
did not leave the house. He testified that when she “started pushing [him] around,” he
“snapped,” hit her, and grabbed her neck. When asked why he was so angry, appellant
said, “I don’t know. I don’t know whether it was the pushing or the hitting.” When asked
what caused him to snap that day, appellant responded, “I don’t know. I cannot tell you.”
          We hold that the trial court’s finding that appellant failed to prove adequate cause
is not so against the great weight and preponderance of the evidence as to be clearly
wrong and unjust. See Richardson, 83 S.W.3d at 336. We overrule appellant’s second
issue.
          The trial court’s judgment is AFFIRMED. 
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice



Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed this the
9th day of December, 2004.